UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MOOG, INC.,

                                        Plaintiff,                          DECISION
                                                                            and
                          v.                                                ORDER

NEWPORT AERONAUTICAL, INC.,                                 14-CV-00504A(F)

                                        Defendant.
_____

APPEARANCES:        HODGSON RUSS, LLP
                    Attorneys for Plaintiff
                    MELISSA NOEL SUBJECK,
                    PATRICK JOHN HINES, and
                    ROBERT J. LANE, JR., of Counsel
                    The Guaranty Building, Suite 100
                    140 Pearl Street
                    Buffalo, New York  14202-0349

                    BOND, SCHOENECK & KING, PLLC
                    Attorneys for Defendant
                    JEREMY P. OCZEK and
                    SHARON M. PORCELLIO, of Counsel
                    Avant Building
                    200 Delaware Avenue, Suite 900
                    Buffalo, New York  14202

## **JURISDICTION**

        This case was referred to the undersigned by Honorable Richard J. Arcara on

September 24, 2014, for all pretrial matters including preparation of a report and

recommendation on dispositive motions.  The matter is presently before the court on

Defendant's motion to dismiss for failure to state a claim or, alternatively, to transfer

venue, filed September 22, 2014 (Doc. No. 11).[1]

_____

[1] "Motions to transfer venue are non-dispositive."  *Watson v. Wright*, 2011 WL 1118608, at * 6 n. 9
(W.D.N.Y. Jan. 11, 2011) (citing *Anscombe Broadcasting Group, Ltd. v. RJM Communications, Inc.*, 2004

## BACKGROUND and FACTS[2]

Plaintiff Moog, Inc. ("Plaintiff" or "Moog"), commenced this action on June 25, 2014, alleging Defendant Newport Aeronautical, Inc. ("Defendant" or "Newport"), infringed on several of Moog's copyrights in violation of the United States Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* ("Copyright Act"), and New York common law.  In particular, Moog, a New York corporation with its principal place of business in East Aurora, New York, is a publicly-traded company employing more than 11,000 worldwide, and engaged in the design, manufacture, and integration of precision motion control products and systems for controlling, *inter alia*, military and commercial aircraft, satellites, and space vehicles.  Plaintiff operates under five segments including, as relevant to the instant action, aircraft controls.  For each aircraft control component designed and manufactured by Moog, Moog also develops and prepares a Component Maintenance Manual ("CMM"), which is provided to each Moog customer purchasing Moog components to assist with the service and repair of the particular component purchased.  Moog has registered each of its CMMs with the United States Copyright Office, thereby securing the exclusive rights and privileges for each CMM, which are confidential and proprietary information of Moog.

Defendant Newport, a California corporation with its principal place of business in Newport Beach, California, is an independent supplier of aerospace technical data, and maintains a library of one million engineering drawings and 750,000 technical manuals that are sold and supplied to the aerospace industry by its three employees, all located within the Central District of California.  According to Plaintiff, among the technical

WL 2491641, at * 1 n. 1 (W.D.N.Y. Nov. 3, 2004) (considering motion to transfer venue a "nondispositive pretrial determination made pursuant to 28 U.S.C. § 636(b)(1)(A)," and citing cases).
[2] The Facts are taken from the pleadings and motion papers filed in this action.

publications in Newport's library are identical or substantially similar copies of Moog's copyrighted and proprietary CMMs which Plaintiff maintains Defendant obtained with the intent of selling to Newport's customers despite Newport not being authorized by Moog to copy, market, display, distribute or sell such materials, thereby infringing on Moog's copyrighted CMMs.  On June 25, 2014, Plaintiff commenced the instant action against Defendant asserting five claims for relief including (1) copyright infringement in violation of the Copyright Act ("First Claim"); (2) contributory copyright infringement in violation of the Copyright Act ("Second Claim"); (3) misappropriation of confidential and proprietary information and trade secrets ("Third Claim"); (4) unfair competition ("Fourth Claim"); and (5) interference with actual and prospective business relationships ("Fifth Claim").[3]  An amended complaint (Dkt. 6), was filed June 26, 2014.

On September 22, 2014, Defendant filed the instant motion (Dkt. 11) ("Defendant's motion"), seeking to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, or to transfer venue pursuant to 28 U.S.C. § 1404(a) to the Central District of California, Southern Division.  Defendant's motion is supported by the attached Memorandum of Law in Support of Defendant's Motion to Dismiss the Amended Complaint and Transfer Venue (Dkt. 11-1) ("Defendant's Memorandum"), and the Declaration of Newport President George M. Posey, III (Dkt. 11-2) ("Posey Declaration").  On October 30, 2014, Plaintiff filed Moog Inc.'s Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Amended Complaint and Transfer Venue (Dkt. 16), attaching the Declaration of Chris Vanaeram (Dkt. 16-1) ("Vanaeram Declaration"), with exhibits A through k (Dkts. 11-2 through 11-9) ("Plaintiff's Exh(s).

---

[3] The court attributes Plaintiff's denominating Fifth Claim the Complaint as a "Fourth Claim," given there is also alleged a separate and distinct Fourth Claim, to a typographical error.

__"), the Declaration of Eric Sanders (Dkt. 16-10) ("Sanders Declaration"), and the Declaration of Kate Schaefer (Dkt. 16-11) ("Schaefer Declaration").  With the court's permission (Dkts. 17 and 18), Plaintiff filed on November 3, 2014, the amended Moog Inc.'s Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Amended Complaint and Transfer Venue (Dkt. 19) ("Plaintiff's Memorandum").[4]  On November 14, 2014, Defendant filed the Reply Memorandum in Support of Defendant's Motion to Dismiss the Amended Complaint and Transfer Venue (Dkt. 20) ("Defendant's Reply").  Oral argument was deemed unnecessary.

Based on the following, Defendant's motion is GRANTED as to the request to transfer venue, and is DISMISSED without prejudice to refiling in the Central District of California, Southern Division, as to the request to dismiss for failure to state a claim.

## DISCUSSION

### 1.    Motion to Transfer Venue

Although it is undisputed that the instant action is properly venued in the Western District of New York, Defendant seeks to transfer the case to the Central District of California, Southern Division, for its own convenience, pursuant to 28 U.S.C. § 1404(a) which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district to which all parties have consented."  *See New York Marine and General Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) ("A district court may exercise its discretion to transfer venue 'for the

---

[4] Except for enlarged margins to comply with Rule 10(a)(4) of the Local Rules of Civil Procedure for the Western District of New York, Plaintiff's Memorandum is essentially identical to the document filed October 30, 2014.

convenience of parties and witnesses, in the interest of justice.'" (quoting 28 U.S.C. §

1404(a))).  "'In determining whether a transfer of venue pursuant to 28 U.S.C. § 1404(a)

is appropriate, district courts engage in a two-part inquiry, asking: (1) whether an action

'might have been brought' in the proposed transferee forum, and if so, (2) whether the

transfer promotes convenience and justice.'"  *Ward v. Stewart*, 133 F.Supp.3d 455, 460

(N.D.N.Y. 2015) (quoting *Wilson v. DirectBuy, Inc.*, 821 F.Supp.2d 510, 515 (D.Conn.

2011)).  *See also Forjone v. California*, 425 Fed.Appx. 73, 74 (2d Cir. July 6, 2011) ("For

the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been

brought.  The determination whether to grant a change of venue requires a balancing of

conveniences, which is left to the sound discretion of the district court."  (additional

citations and quotation marks omitted)).  For a copyright infringement action, venue is

proper in any "district in which the defendant resides or may be found."  28 U.S.C.

§ 1400(a).  A corporation "shall be deemed to reside, if a defendant, in any judicial

district in which such defendant is subject to the court's personal jurisdiction with

respect to the civil action in question . . . ."  28 U.S.C. § 1391(c)(2).  In the instant case,

there is no dispute that venue would have been proper, and thus this action could have

been brought, in the Central District of California, Southern Division, where Defendant

may be found.  *See* 28 U.S.C. § 1400(a) (in copyright cases, venue is proper in any

district in which the defendant or his agents resides or may be found).

The court thus turns its attention to whether transfer is warranted under a number

of factors to be considered with respect to a motion to transfer venue, including "'*inter*

*alia*: (1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the

location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'" *New York Marine and General Ins. Co.*, 599 F.3d at 112 (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)).  The forum court's familiarity with the applicable law is also considered, *AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F.Supp.2d 525, 528 (S.D.N.Y. 2004) (citing cases), as is trial efficiency and the interest of justice based on the totality of the circumstances.  *Swinton v. Livingston County*, 2016 WL 1056608, at * 2  (W.D.N.Y. Mar. 17, 2016) (citing cases). No one factor is determinative, nor is there a "rigid formula for balancing these factors. . . ."  *Citigroup, Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 561 (S.D.N.Y. 2000).  When conducting this balancing test, the court enjoys "broad discretion" and decides based "on notions of convenience and fairness on a case-by-case basis."  *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  The Supreme Court has instructed that the burden is on the movant to show that transfer is warranted, and "courts should give deference to a plaintiff's choice of forum."  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.")).   Further, transfer is disfavored when it "merely shift[s] the inconvenience from one party to the other."  *Wilshire Credit Corp. v. Barrett Cap. Mgmt. Corp.*, 976 F.Supp. 174, 182 (W.D.N.Y. 1997).

    Here, Defendant argues in support of its motion that litigating the matter in this court would tremendously burden Defendant and its three employees, the primary

witnesses, all of whom reside in the Central District of California where the alleged infringing CMMs are also located.  Defendant's Memorandum at 1.  Defendant further maintains that the proposed venue transfer will not pose an undue hardship on Plaintiff, a publicly-traded, multi-billion dollar company that operates facilities with employees throughout the United States, including California, and the world.  *Id.*  In opposition to Defendant's motion, Plaintiff characterizes Defendant's motion as a "self-serving request" that is based on its own convenience and which would serve merely to shift the burden of inconvenience from Defendant to Plaintiff, asserting much deference is due Plaintiff's choice of forum.  Plaintiff's Memorandum at 15.  In further support of its venue transfer request, Defendant reiterates that litigating the action in the Western District of New York would pose much hardship to Defendant, whereas litigating the case in the Central District of California would not pose much hardship to Plaintiff.

### A.    Plaintiff's Choice of Forum

Here, Plaintiff's choice of forum "is generally entitled to deference."  *In re ChannelAdvisor Corp. Securities Litigation*, 2015 WL 4064625, at * 1 (S.D.N.Y. July 2, 2015) (citing *ESPN, Inc. v. Quiksilver, Inc.*, 581 F.Supp.2d 542, 547 (S.D.N.Y. 2008) ("[P]laintiff's choice of forum should be accorded deference in the event that other factors do not weigh strongly in favor of transfer.")).  Nevertheless, "such deference is diminished under certain circumstances," such as where the forum chosen by the plaintiff is not the plaintiff's home district, or in a purported class action where numerous plaintiffs reside in another district.  *Id.*  In contrast, more deference is afforded the plaintiff's choice when the plaintiff has sued in the plaintiff's home forum," and is to be accorded considerable weight in deciding a motion to transfer for *forum non conveniens*

7

under § 1404(a).  *In re Warrick*, 70 F.3d 736, 741 (2d Cir. 1995).  Plaintiff's choice of forum is also given more deference where there is significant ongoing business activity in the forum than it would otherwise.  *AEC One Stop Group, Inc.*, 326 F.Supp.2d at 532 (citing *Kiss My Face Corp. v. Bunting*, 2003 WL 22244587, at * 4 (S.D.N.Y. Sept. 30, 2003)).  Nevertheless, when the plaintiff's only connection to the selected forum is the plaintiff's residence, its choice of forum is not controlling.  *A Slice of Pie Productions, LLC v. Wayans Bros. Entertainment*, 392 F.Supp.2d 297, 306 (D.Conn. 2005).

In the instant case, Plaintiff has produced a detailed affidavit from Chris Vanaernam ("Vanaernam"), a forensic consultant who lives and works in Rochester, New York, which is within the Western District of New York, explaining that he was retained by Moog in the spring of 2014 to investigate whether Defendant had unauthorized access to, and was offering for sale and selling, Plaintiff's copyrighted materials.  Vanaernam Declaration ¶¶ 1-5.  In connection with the investigation, Vanaernam, from his Rochester, New York office, accessed Defendant's website and purchased and received four different CMMs.  *Id.* ¶¶ 6-22, 25.  That Vanaernam managed to arrange for the purchase and receipt of the four CMMs from his Rochester, New York office establishes that Plaintiff's residence in the Western New York District is not Plaintiff's only connection to its chosen forum.  Significantly, Vanaernam's four purchases, as made to investigate a possible basis for Plaintiff's claim, constitute significant and ongoing business for purposes of venue.  *See Mattel, Inc. v. Adventure Apparel*, 2001 WL 286728, at * 5 (S.D.N.Y. Mar. 22, 2001) (holding internet sale of allegedly infringing product established substantial part of events giving rise to the

alleged claim occurred in the district where action was filed).  Accordingly, the first factor weighs against transferring venue.

### B.    Convenience of the Witnesses

"'The convenience of the witnesses is generally considered the most important factor in deciding a motion to transfer venue.'"  *Truk Intern. Fund, LP v. Wehlmann*, 2009 WL 1456650, at * 3 (S.D.N.Y. May 20, 2009) (quoting *In re Stillwater Mining Co., Sec. Litig.*, 2003 WL 21087953, at * 4 (S.D.N.Y. May 12, 2003)).  "The convenience of non-party witnesses is accorded more weight than that of party witnesses."  *Id.* (quoting *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F.Supp.2d 395, 402 (S.D.N.Y. 2005)).  "The Court 'does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum'; but rather 'must qualitatively evaluate the materiality of the testimony that the witnesses may provide.'"  *Dickerson v. Novartis Corporation*, __ F.R.D. __, 2016 WL 1611504, at * 6 (W.D.N.Y. Apr. 21, 2016) (quoting *Herbert Ltd. Partnership v. Electronic Arts Inc.*, 325 F.Supp.2d 282, 286 (S.D.N.Y. 2004)). "When a party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover."  *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978), *cert. denied*, 440 U.S. 908 (1979).

Defendant's key witnesses in this copyright action are Newport's three officers and employees including Newport President George M. Posey, III ("Posey"), Mac Posey ("Mac Posey"), and Dean Mirabel ("Mirabel"), all residing in or around Newport Beach, California.  Posey Declaration ¶ 8.  Posey explains that litigating the instant action in the

Western District of New York, rather than in the Central District of California will greatly interfere with Defendant's business operations, whereas transferring the action to the Central District of California, Southern Division, will allow Defendant's three officers and employees to continue to operate the business with "significantly less hardship" while defending the action.  *Id.* ¶ 10.   Plaintiff, however, maintains that to allow the court to "qualitatively evaluate the materiality of the testimony that [Defendant's] witnesses may provide," Defendant must not only clearly identify the witnesses, but must also provide a general statement as to what their respective testimony will cover, which Defendant has not done.  Plaintiff's Memorandum at 18-20.  Plaintiff further maintains that Defendant ignores the fact that Plaintiff's key witnesses, including Moog's Aftermarket Group Head Kate Schaefer ("Schaefer"), Moog's Supervisor of Logistics Group Eric Sanders ("Sanders"), and Moog's Reliability/Maintainability Organization Manager John Nadya ("Nadya"), are located in the Western District of New York.  *Id.* at 20-21.  Plaintiff states that Schaefer will provide testimony regarding Moog's aftermarket services and damages relative to Defendant's alleged infringing conduct, and Nadya and Sanders will testify regarding Moog's preparation of its CMMs and its efforts to protect its confidential and proprietary materials.  *Id.*  Plaintiff further maintains Defendant's assertion that Newport has customers within the Central District of California is unavailing because Newport has customers nationwide, including in New York.  *Id.* at 21.  In further support of transferring venue, Defendant argues it was not required to outline the specific testimony to be provided by Posey, Mac Posey, and Mirabel because discovery has not yet been conducted, and the nature of the expected testimony is "straight-forward" inasmuch as the witnesses "may rebut and respond to Moog's allegations," and Plaintiff

has failed to demonstrate that Moog's witnesses will provide any testimony with respect to this action's operative facts, including the development and production of the allegedly infringing manuals.  Defendant's Reply at 8-9.  The balance of this factor tips in favor of transferring venue.

In particular, because Defendant has only three officers and employees, it is evident that Posey, Mac Posey, and Mirabel will be the only witnesses for Defendant and, as such, would be knowledgeable about the design, marketing and operation of the CMMs Newport allegedly sold Defendants in violation of copyright law, the operative facts in this case.  In contrast, the testimony expected to be given by Plaintiff's witnesses, including Schaefer, Nadya, and Sanders, while helpful to determining the extent to which Defendant's alleged copyright infringement damaged Plaintiff, is not as essential to determining whether infringement occurred; rather, "these subjects are commonly addressed by expert witnesses whose convenience is not relevant to a motion to transfer venue."  *Capitol Records, LLC v. VideoEgg, Inc.*, 611 F.Supp.2d 349, 367 (S.D.N.Y. 2009) (citing *Glass v. S&M NuTec, LLC*, 456 F.Supp.2d 498, 502 (S.D.N.Y. 2006) ("It is well settled that the location of expert witnesses is irrelevant to a transfer decision.").  Furthermore, given that Defendant's three witnesses are also the company's only officers and employees, requiring their attendance at court proceedings in Buffalo, rather than at the Central District of California Courthouse, Southern Division, located in Santa Ana, California, would work a significantly greater burden on Defendant that would be incurred by Plaintiff if Plaintiff's witnesses were required to appear in Santa Ana.

Accordingly, the second factor weighs in favor of transferring the action to the Central District of California.

### C.   Location of Relevant Documents and Relative Ease of Access to Sources of Proof

Defendant maintains, Defendant's Memorandum at 8, and Plaintiff does not dispute, that much of the discovery material relevant to this action will be found in the Central District of California, located in Newport's library at its California facility.  Plaintiff maintains that today's technology, including facsimile machines, scanning, and the ability to e-mail documents renders the location of the relevant documents a "neutral factor," and Defendant has failed to identify any documents that could not easily be transported to this District.  Plaintiff's Memorandum at 23 (citing cases).  Because Defendant is the alleged infringer, the bulk of relevant evidence to be produced in this action is likely to be found in the Central District of California.  *AEC One Stop Group, Inc.*, 326 F.Supp.2d at 530 ("In [copyright] infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." (citing *Boreal Laser, Inc. v. Coherent, Inc.*, 1992 WL 9375, at * 2 (S.D.N.Y. Jan. 13, 1992))).  Significantly, although it is asserted in the Amended Complaint that the allegedly infringing CMMs are located in Newport's library, which is located at Newport's California facility, within the Central District of California, Amended Complaint ¶ 31, Defendants have not identified a single document which would be cumbersome to transport into this District, either by traditional mail delivery, facsimile, or e-mail.  *See Hummingbird USA, Inc. v. Texas Guaranteed Student Loan Corp.*, 2007 WL 163111, at ** 2-3 (S.D.N.Y. Jan. 24, 2007) (finding location of relevant documents and relative ease of access to sources of proof weighed against transfer where defendant "failed to identify a single document it would require

that is bulky or difficult to transport).  Accordingly, this factor weighs against transferring the action to the Central District of California.

### D.    Convenience of Parties

"'Where transfer would merely shift the inconvenience from one party to the other, the Court should leave plaintiff's choice of venue undisturbed.'"  *Ward v. Stewart*, 133 F.Supp.3d 455, 465-66 (N.D.N.Y. 2015) (quoting *Rindfleisch v. Gentiva Health Systems, Inc.*, 752 F.Supp.2d 246, 258 (E.D.N.Y. 2010)).  "However, 'transfer of venue may be appropriate where inconvenience for the party moving for transfer could be completely eliminated without substantially adding to the nonmoving party's inconvenience.'"  *Id.*  Such is not the case here; rather, transferring the action to the Central District of California would significantly increase Plaintiff's travel burden, while essentially eliminating Defendant's travel burden.  Accordingly, transferring venue would "merely shift the inconvenience from one party to the other."  This factor thus weighs against transferring venue.

### E.    Locus of Operative Facts

"The operative facts in infringement cases usually relate to the design, development and production of an infringing product."  *AEC One Stop Group, Inc.*, 326 F.Supp.2d at 530 (citing *MasterCard Int'l Inc., v. Lexcel Solutions, Inc.*, 2004 WL 1368299, at * 6 (S.D.N.Y. June 16, 2004)).  In the instant case, although the CMMs are primarily developed and prepared at Moog's East Aurora facility, from where the CMMs are formally released and distributed, the design, development and production of the allegedly infringing product occurred at Defendant's California facility.  Accordingly, this factor favors transfer.

13

**F.      Availability of Process to Compel the Attendance of Unwilling Witnesses**

The parties have not identified any third party witnesses who are within the subpoena power of this court.  Nor has any party demonstrated that any witnesses are either unable to appear or unwilling to appear absent a venue transfer.  *Zets v. Scott*, 498 F.Supp. 884, 886 (W.D.N.Y. 1980).  Because the alleged copyright infringement involved activity at Defendant's California facility, where Defendants maintain only its three officers are employed, any other witnesses to the design, development, production, and distribution of the allegedly infringing materials most likely would involve California residents who probably would be more willing to testify in their home state rather than New York.  *See AEC One Stop Group, Inc.*, 326 F.Supp.2d at 530-31 (considering in context of copyright infringement action that insofar as the defendant played a role in the alleged infringing activing, any former employees of the defendant who may be called to testify likely resided in the same district as the defendant and would prefer to give testimony in their home state rather than in New York (citing cases)).  Any unwilling witness in California would be subject to the subpoena power of the Central District of California District Court, rather than of this court.  *Id.* Nevertheless, the availability of witnesses "does not tip the balance in favor of transfer in light of the option of videotaping testimony of witnesses unwilling to travel."[5] *DealTime.com Ltd v. McNulty,* 123 F.Supp.2d 750, 757 (S.D.N.Y. 2000) (citing Fed.R.Evid. 804(a)(5); and *Citigroup Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 561-62 (S.D.N.Y. 2000)).

---

[5] The court notes Plaintiff does not dispute Defendant's argument, Defendant's Memorandum at 21, that any inconvenience to Plaintiff's witnesses could not be substantially lessened by the availability of video conference testimony between this district and the transferee district, and that a witness's videotaped deposition may be substituted for live testimony at trial.

As such, the availability of compulsory process is a neutral factor in this venue transfer analysis.

**G.      Relative Means of the Parties**

Where a financial disparity exists between the parties, courts consider the relative means of the parties.  *Capitol Records, LLC*, 611 F.Supp.2d at 367 (citing *Berman v. Informix Corp.*, 30 F.Supp.2d 653, 659 (S.D.N.Y. 1998)).  This factor, however, carries little weight where, as here, both plaintiff and defendant are corporations.  *Sentega, LLC v. ASUS Computer International*, 2016 WL 3093988, at * 6 (S.D.N.Y. June 1, 2016) (citing *It's a 10, Inc. v. PH Beauty Labs, Inc.*, 718 F.Supp.2d 332, 338 (S.D.N.Y. 2010) ("Although courts can consider the relative means of parties, this factor is not entitled to great weight where plaintiff and defendant are both corporations.")).  Nevertheless, in the instant case, Defendant asserts, Defendant's Memorandum at 9-10, & n. 6, and Plaintiff does not dispute, that Plaintiff is a much larger corporation of significantly greater means, with Moog "a self-described world-wide" corporation, operating facilities on multiple continents, with more than 10,000 employees, including some in California, and reported revenues for fiscal year 2013 of $ 2.6 billion, compared to Defendant's three employees, operating a single facility in California, with less than $ 1 million in revenue for fiscal year 2013.  Nor does Plaintiff dispute Defendant's assertion, Defendant's Memorandum at 9, that Plaintiff operates a facility within the Central District of California.  Accordingly, the little weight afforded this factor tips in favor of transferring venue.

H.      **Familiarity of Forum with Governing Law**

In addition to seeking relief pursuant to the Copyright Act, a federal law, Plaintiff also seeks relief pursuant to New York law, including for misappropriation of confidential and proprietary information and trade secrets, Amended Complaint, Third Claim, unfair competition, *id.*, Fourth Claim, and interference with actual and prospective business relationships. *Id.*, Fifth Claim. Although the issue of federal copyright law is a subject of which both the Western District of New York, and the Central District of California should be familiar, Plaintiff's additional claims under New York law, although not complex, cause this factor to weigh slightly in Plaintiff's favor on Defendant's motion to transfer venue for *forum non conveniens*. *See Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F.Supp.2d 735, 747 (S.D.N.Y. 2013) (noting forum's familiarity with New York law on licensing agreements disfavored transfer to the District of Kansas, although "this factor is 'one of the least important factors in determining a motion to transfer, especially where no complex questions of foreign law are involved." (quoting *ACE Am. Ins. Co. v. Bank of the Ozarks*, 2012 WL 3240239, at *13 (S.D.N.Y. Aug. 3, 2012))).

I.      **Trial Efficiency and the Interest of Justice Based on the Totality of the Circumstances**

Defendant argues that the docket for the Central District of California is significantly less crowded than the docket for the Western District of New York, with the median number of months between the commencement of a trial in the Central District of California being 20.5 months compared to 68.6 months in this District. Defendant's Memorandum at 10 & n. 7 (citing 2013 statistics for United States Courts). Plaintiff argues in opposition that the length of time between filing a complaint and trial is often a

function of the complexity of a case rather than of the court's volume of cases. Plaintiff's Memorandum at 24.

As of March 31, 2016, the date of the most recently available statistics, the median time between the commencement of a civil action and trial did improve in this court to 54.6 months, while the Central District in California experienced a slight improvement to 20.2 months, establishing that the time to trial in this Western District of New York remains more than twice as long as in the proposed transferee district. *See* United States District Courts – National Judicial Caseload Profile, *available at* http://www.uscourts.gov/statistics-reports/caseload-statistics-data-tables, *last visited* June 23, 2016. Despite Plaintiff's attempt to attribute the longer time to trial to case complexity, other federal judiciary statistics paint the more telling picture that the longer time to trial in this court is properly attributed to a significantly larger number of pending cases per judgeship. *Id.* Specifically, for the period ending March 31, 2016, there were 921 pending cases per judgeship in the Western District of New York, compared to 432 pending cases per judgeship in the Central District of California. *Id.* This factor thus weighs heavily in favor of transfer.

The factors weighing in favor of transfer include convenience of the witnesses, the locus of operative facts, the relative means of the parties, and trial efficiency. Factors weighing against favor include Plaintiff's choice of forum, the location of relevant documents and access to sources of proof, the convenience of the parties, and this forum's familiarity with governing New York law. The sole neutral factor includes the availability of compulsory process to compel the attendance of unwilling witnesses.

Under the present circumstances, the court finds the balance of factors weighs in favor of transferring this action to the Central District of California, Southern Division. Defendant's motion to transfer venue is GRANTED.

**2.     Motion to Dismiss**

Having granted Defendant's motion insofar as it seeks to transfer venue, the court will defer on ruling on Defendant's request to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief can be granted. Accordingly, Defendant's motion, insofar as it seeks to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim is DISMISSED without prejudice to refiling in the Central District of California.

## CONCLUSION

Based on the foregoing, Defendant's motion is GRANTED as to the request to transfer venue to the Central District of California, Southern Division; Defendant's alternative request to dismiss for failure to state a claim is DISMISSED as moot.  The Clerk of the Court is directed to take all necessary steps to transfer this matter to the Central District of California, Southern Division.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     June 23, 2016
           Buffalo, New York